USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/22/2025__



**WWW.MKCLAWGROUP.COM**
LAW OFFICES OF MICHAEL K. CHONG, LLC

| NEW YORK: | FORT LEE: | HOBOKEN: |
|---|---|---|
| 32 EAST 57TH STREET, 8TH FL. | 2 EXECUTIVE DRIVE, STE. 240 | 300 HUDSON STREET. STE. 10 |
| NEW YORK, NEW YORK 10022 | FORT LEE, NEW JERSEY 07024 | HOBOKEN, NEW JERSEY 07024 |
| (212) 726-1104 | (201) 947-5200 | (201) 708-6675 |
| FAX (212) 726-3104 | FAX (201) 708-6676 | FAX (201) 708-6676 |

*Please Reply to: FORT LEE*

EMAIL: MKC@MKCLAWGROUP.COM

May 20, 2025

<u>Via ECF; Total Pages: 3</u>
Hon. Analisa Torres, U.S.D.J.
U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    Tapia Ramierez et al v. Eleganza 1 Inc. Et al
               Docket No.: 1:23-cv-7451-AT

Dear Judge Torres:

This office was recently substituted in as counsel for Defendants in the above reference matter on 5/19/25 (Doc 99). I am writing to the court concerning certain issues that exist.

## I.    <u>Prior Counsel's Litigation File for Defendants – Incomplete</u>

On 5/16/25 I requested from prior counsel Michael Walker, Esq. ("Prior Counsel") a complete copy of his litigation file concerning this matter. The first response I received was that all of the relevant documents are on the court docket, and that "nothing substantive" has been exchanged. I pressed further to obtain all relevant information and documents.

**Michael Chong** &lt;mkchong@mkclawgroup.com&gt;    Fri, May 16, 6:52 PM (4 days ago)

to Michael [Walker]

No emails? No Settlement Communications? Disclosures? Discovery? Informal Discovery? Damage Calculations? Settlement Demands?

You should take the time to gather everything that you have - the Court will be ordering you to provide everything.

The case was filed in 2023 -- it is 2 years old.

On Fri, May 16, 2025 at 6:50 PM Michael Walker <mwalker@michaelwalkerlaw.com> wrote:

That's all my file is composed of, their complaint our answer and the initial disclosures everything is on ecf, that's all I got.

Best,

Sent from my iPhone

After multiple requests, on 5/19/25 I received copies of some pleadings in this matter (i.e.. Default Judgment Motion, and some other pleadings from ECF). See **Exhibit A** for a copy of what I have been provided from Prior Counsel.

According to the Court Docket, there were two (2) mediations held so far: The First Mediation on 2/4/25; The Second Mediation on 4/29/25. I have requested copies of all documents related to the mediations from Prior Counsel, and nothing has been provided. I presume there would be: (1) Ex Parte Mediation Statements for each mediation; (2) Mediation Confidentiality signed forms; (3) Settlement Discussion notes from the two mediations with settlement numbers exchanged; (4) Damage Calculations from Plaintiff; (5) Settlement Demands from Plaintiff's counsel; (5) Relevant documents exchanged. To date, other than the pleading documents from ECF that Prior Counsel has provided (**Exhibit A**), I have received nothing.

Based on the above, I respectfully request that Your Honor instruct Prior Counsel to provide his entire litigation file to me so that I can properly represent Defendants in this matter.

II.     **May 28, 2025 Third Mediation – Rescheduling / Extension to Complete Mediation**

A third mediation is scheduled for 5/28/25. I have been pressing Prior Counsel to provide a complete copy of his file so that I could potentially participate in the 5/28/25 scheduled mediation. However, based on the above, I cannot. I have advised the Mediator and Plaintiff's counsel that the 5/28/25 mediation must be adjourned so that I can obtain the complete litigation file from Prior Counsel.

Based on the above I am requesting an extension from 5/28/25 to complete the Third mediation. The mediator, Alan Gettner, Esq. has advised that he will not be available until after June 17 and until the second half of July. As such, the request is to complete the Third mediation with Mr. Gettner on or before July 31, 2025.

That will provide me with sufficient time to obtain all of the missing information, and facts. During that time, I can also work directly with Plaintiff's counsel to complete any informal exchange of discovery documents (which appears did not happen) that would facilitate true settlement discussions

at the Third mediation. In addition, it will provide Plaintiff's counsel and I with the potential opportunity to resolve this matter directly, prior to the Third mediation.

I will note that after emailing Prior Counsel this morning *again* as to the deficient file and that I would be seeking judicial relief, his office has sent me a flurry of emails this morning with attached documents. However, upon review it appears to be the same thing – merely pleadings from the court docket. I am respectfully requesting that if Prior Counsel does not provide his complete litigation file by 5/22/25 that sanctions be imposed on Prior Counsel in the form of our attorney's fees to address this issue.

Thank you for your kind consideration and courtesies as to this matter.

Respectfully submitted,

s/*Michael K. Chong*

Michael K. Chong, Esq.

By **May 23, 2025**, counsel for Defendants shall provide an update on this matter.

SO ORDERED.

Dated: May 22, 2025
      New York, New York

ANALISA TORRES
United States District Judge

3